ELIAS L. SCHNEIDER, ESQ.
Code #ELS9782
49 West Prospect St
East Brunswick, NJ  08816
(732) 257-6633
(732) 254-1208 fax
mugs@cecg.com
File No X6022
Attorneys for Plaintiff

| | |
|---|---|
| UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with FRCP7** | |
| SAMY GUIRGUIS<br>         Plaintiff,<br>                    v.<br><br>DUNKIN' DONUTS INCORPORATED, SHETAL S. SHAH, JOHN DOE, said name being fictitious and currently unknown to plaintiff, and the XYZ COMPANY, said name being fictitious and currently unknown to plaintiff<br>         Defendants. | Case No.: 03:09-cv-05118-JAP-LHG<br><br>**AMENDED COMPLAINT** and **JURY TRIAL** |

Plaintiff, Samy Guirguis, having an address of 10 Ellery Place, in the Township of Marlboro, Monmouth County, New Jersey, by way of Complaint against Defendant, Dunkin' Donuts Incorporated, doing business at 130 Royall Street, Canton, Massachusetts and having a registered agent within the State of New Jersey, being the Corporation Trust Company, located at 820 Bear Tavern Road, West Trenton, NJ 08628, and defendant, Shetal S. Shah, doing business at 30 Main Street, Milltown, New Jersey, by way of Amended Complaint, says:

**FIRST COUNT**

1.     Plaintiff desired to open a Dunkin Donuts franchise in central New Jersey.

2. On or about February 11, 2003, plaintiff executed what is known to Dunkin Donuts as a Store Development Area Agreement (hereinafter, "SDA") which gave him an exclusive right to open a franchise store if an acceptable location could be found within a certain territory within the municipality of Old Bridge as was identified on the SDA or on the roadway known as Main Street in the municipality of Milltown also identified on the SDA.

3. Plaintiff paid defendant $100,000 to obtain the aforereferenced SDA. That SDA required plaintiff to, on or before February 11, 2006, open a Dunkin Donuts store or lose his rights under the SDA. [1]

4. Plaintiff advised a representative of defendant that he had found a store location at 30 Main Street in Milltown which would have served as an excellent Dunkin Donuts location.

5. The Dunkin Donuts' representative advised plaintiff that this store location was inadequate in size for a Dunkin Donuts franchise.

6. Following the expiration of plaintiff's SDA with Dunkin Donuts, another person, Shetal S. Shah, was allowed to open a Dunkin Donuts store in the very same 30 Main Street, Milltown site for which plaintiff had been refused.

7. As a possible pacifier for not allowing plaintiff to open a Dunkin Donuts store at 30 Main Street, Milltown, Dunkin Donuts advised plaintiff that they would add the State of Maryland as an adjunct location to his SDA – perhaps not understanding that plaintiff did not want to travel 300 miles round trip every day to go to work.

---

[1] The SDA was a duel one which entitled him to open up a combined Dunkin Donuts/Baskin Robbins franchise store by August 11, 2004 or just a Dunkin Donuts store to be opened by February 11, 2006.

8. Defendant, Dunkin Donuts, violated their agreement with plaintiff by allowing defendant, Shah, to open a Dunkin Donuts franchise at the very location that plaintiff had sought to open one but was refused.

9. As a result of Dunkin Donuts violating their contractual agreement with plaintiff, Plaintiff has suffered, not only severe economic loss as a result of being disallowed the opportunity to open the 30 Main Street, Milltown store, but has also suffered severe emotional distress.

WHEREFORE, plaintiff seeks compensation against defendant, Dunkin Donuts Incorporated for:

    A. Compensatory damages equal to all profits earned by the 30 Main Street, Milltown store from the date it opened until the date this case is decided.

    B. Compensatory damages for all future earnings to be attained by the 30 Main Street, Milltown store.

    C. Compensatory damages for all out-of-pocket expenses incurred relating to locating the 30 Main Street store as well as all engineering and other out-of-pocket expenses incurred.

    D. Compensatory damages for emotional distress.

    E. Interest, prejudgment and otherwise;

    F. Counsel fees

    G. Such other relief which the Court deems just and equitable.

## SECOND COUNT

10. Plaintiff repeats and realleges the allegations contained within the First Count of the Complaint as though fully set forth herein at length.

3

11.     Defendant's advising plaintiff that the 30 Main Street, Milltown store was inadequate to open a Dunkin Donuts franchise was given to plaintiff fraudulently and with malice.

12.     As a result of defendant's fraudulently advising plaintiff that the 30 Main Street, Milltown location was inadequate for a Dunkin Donuts franchise location, plaintiff has suffered not only severe economic loss as a result of being disallowed the opportunity to open the 30 Main Street, Milltown store, but has also suffered severe emotional distress.

WHEREFORE, Samy Guirguis demands judgment against Dunkin Donuts Incorporated for:

   A. Compensatory damages equal to all profits earned by the 30 Main Street, Milltown store from the date it opened until the date this case is decided;

   B. Compensatory damages for all future earnings to be attained by the 30 Main Street, Milltown store;

   C. Compensatory damages for all out-of-pocket expenses incurred relating to locating the 30 Main Street store as well as all engineering and other out-of-pocket expenses incurred;

   D. Compensatory damages for emotional distress;

   E. Punitive damages;

   F. Interest, prejudgment and otherwise;

   G. Costs of suit;

   H. Attorney's fees; and

   I. Such other relief which the Court deems just and equitable.

## **THIRD COUNT**

13. Plaintiff repeats and realleges the allegations contained within the First and Second Counts of the Complaint as though fully set forth herein at length.

14. Defendant, Dunkin Donuts, effectively stole a business location out from under plaintiff via their refusal to allow him to open a Dunkin Donuts franchise store at a place they later found to be an acceptable location for a Dunkin Donuts franchise store.

15. Plaintiff had a fiduciary relationship with defendant predicted upon the SDA he executed with them and for which he paid $100,000.

16. Defendant breached that fiduciary obligation by advising Guirguis that 30 Main Street, Milltown was an inadequate location for a Dunkin Donuts franchise but later allowed another individual to open a Dunkin Donuts store at the very same location.

17. Defendant effectively stole $100,000 from plaintiff when they executed the SDA with him and informed him that it was his obligation to find an appropriate location within the territory spelled out within that SDA and yet they did not allow him to occupy the 30 Main Street, Milltown store with a Dunkin Donuts franchise.

WHEREFORE, Samy Guirguis demands judgment against Dunkin Donuts Incorporated for:

> A. Compensatory damages equal to all profits earned by the 30 Main Street, Milltown store from the date it opened until the date this case is decided;
>
> B. Compensatory damages for all future earnings to be attained by the 30 Main Street, Milltown store;
>
> C. Compensatory damages for all out-of-pocket expenses incurred relating to locating the 30 Main Street store as well as all engineering and other out-of-pocket expenses incurred;

5

    D. Compensatory damages for emotional distress;

    E. Punitive damages;

    F. Interest, prejudgment and otherwise;

    G. Costs of suit;

    H. Attorney's fees; and

    I. Such other relief which the Court deems just and equitable.

## FOURTH COUNT

18. Plaintiff repeats and realleges the allegations contained within the First, Second and Third Counts of the Complaint as though fully set forth herein at length.

19. By denying plaintiff the opportunity to open a Dunkin Donuts store at 30 Main Street, Milltown, defendant appropriated plaintiff's business opportunities.

WHEREFORE, Samy Guirguis demands judgment against Dunkin Donuts Incorporated for:

    A. Compensatory damages equal to all profits earned by the 30 Main Street, Milltown store from the date it opened until the date this case is decided;

    B. Compensatory damages for all future earnings to be attained by the 30 Main Street, Milltown store;

    C. Compensatory damages for all out-of-pocket expenses incurred relating to locating the 30 Main Street store as well as all engineering and other out-of-pocket expenses incurred;

    D. Compensatory damages for emotional distress;

    E. Punitive damages;

    F. Interest, prejudgment and otherwise;

    G. Costs of suit;

6

H. Attorney's fees; and

I. Such other relief which the Court deems just and equitable.

## FIFTH COUNT

20. Plaintiffs repeat and reallege the allegations contained within the First, Second, Third and Fourth Counts of the Complaint as though fully set forth herein at length.

21. Contracting parties acknowledge to each other that they will abide by the covenant of good faith and fair dealings.

22. By taking the right to open a Dunkin Donuts franchise at 30 Main Street, Milltown from plaintiff and awarding it to a third party is a clear breach of the covenant of good faith and fair dealings.

WHEREFORE, Samy Guirguis demands judgment against Dunkin Donuts Incorporated for:

- A. Compensatory damages equal to all profits earned by the 30 Main Street, Milltown store from the date it opened until the date this case is decided;

- B. Compensatory damages for all future earnings to be attained by the 30 Main Street, Milltown store;

- C. Compensatory damages for all out-of-pocket expenses incurred relating to locating the 30 Main Street store as well as all engineering and other out-of-pocket expenses incurred;

- D. Compensatory damages for emotional distress;

- E. Punitive damages;

- F. Interest, prejudgment and otherwise;

- G. Costs of suit;

7

    H. Attorney's fees; and

    I. Such other relief which the Court deems just and equitable.

## SIXTH COUNT

23. Plaintiff repeats and realleges the allegations contained within the First through Fifth Counts of the Complaint as though fully set forth herein at length.

24. Defendant, Shetal S. Shah, and or Defendant John Doe (said name being fictitious and currently unknown to plaintiff) is the franchisee now operating a Dunkin Donuts franchise at 30 Main Street, Milltown, New Jersey, the location initially found by plaintiff to operate a Dunkin Donuts franchise at 30 Main Street.

25. Said business is owned or operated under the name and style of XYZ Company, said name being fictitious.

25. Shetal S. Shah and or Defendant John Doe, and XYZ Company, has/have conspired with Dunkin Donuts to deprive plaintiff of his right to operate a Dunkin Donuts franchise at 30 Main Street.

WHEREFORE, Samy Guirguis demands judgment against Dunkin Donuts Incorporated and Shetal S. Shah and or Defendant John Doe, and XYZ Company, jointly severally or in the alternative for:

    A. Compensatory damages equal to all profits earned by [XYZ] from the date it opened its Dunkin Donuts operation at 30 Main Street;

    B. Compensatory damages for all earnings to be attained by [XYZ] at the 30 Main Street, Milltown store;

    C. Compensatory damages for all out-of-pocket expenses incurred relating to plaintiff locating the 30 Main Street store for a Dunkin Donuts franchise as well as all engineering and other out-of-pocket expenses incurred;

    D. Compensatory damages for emotional distress;

    E. Punitive damages;

    F. Interest, prejudgment and otherwise;

    G. Costs of suit;

    H. Attorney's fees; and

    I. Such other relief which the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues.

DATED: October 22, 2009

                                                    s/ *Elias L. Schneider*
                                                    Elias L. Schneider
                                                    Attorney for Plaintiff

Dated: October 22, 2009