**Not for publication**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
SAMY GUIRGUIS,                          :
:
                    Plaintiff,           :   Civil Action No. 09-5118 (JAP)
     v.                           :
:   **OPINION**
DUNKIN' DONUTS INCORPORATED,            :
SHETAL S. SHAH, JOHN DOE, said name :
being fictitious and currently unknown  :
to plaintiff, and the XYZ COMPANY,      :
said name being fictitious and currently :
unknown to plaintiff,                   :
:
                    Defendants.          :
_____ :

PISANO, District Judge:

Presently before the Court is plaintiff Samy Guirguis' motion for leave to file a Second Amended Complaint and for remand pursuant to Federal Rule of Civil Procedure 15(a)(1) and 28 U.S.C. § 1447(c). Also before the Court is defendants' Dunkin' Donuts Incorporated and Shetal S. Shah's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment. For the reasons below, Defendants' motion to dismiss is granted, Plaintiff's motion is denied as moot, and the case is dismissed.

    I.    Background[1]

---

[1] Unless otherwise noted, all facts are taken from Plaintiff's Amended Complaint. Docket Entry No. 5. In addressing Defendants' motion to dismiss, the Court must accept as true the allegations contained in the Amended Complaint. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from the Complaint, and do not represent this Court's factual findings.

This case arises out of the alleged breach of a Store Development Area Agreement ("SDA") between Samy Guirguis and Dunkin' Donuts Incorporated ("Dunkin' Donuts") entered into on February 11, 2003.  Pursuant to the terms of the SDA, Guirguis was granted an exclusive right to open a Dunkin' Donuts franchise within a defined territory in Old Bridge, New Jersey, or on Main Street in Milltown, New Jersey.  Guirguis paid $100,000 to obtain the SDA and was required to open a Dunkin' Donuts store on or before February 11, 2006, or he would lose his rights under the SDA.  After entering into the SDA, Guirguis advised a Dunkin' Donuts representative that he wished to open a Dunkin' Donuts store at 30 Main Street, Millstone, New Jersey.  Dunkin' Donuts would not approve the location because it was allegedly too small for a Dunkin' Donuts franchise.  Guirguis did not open a Dunkin' Donuts franchise prior to February 11, 2006 as required by the SDA.  After Guirguis' SDA expired, defendant Shetal S. Shah was permitted to open a Dunkin' Donuts franchise at 30 Main Street, Millstone, New Jersey.

On July 22, 2009, Guirguis filed a five count complaint in the Superior Court of New Jersey, Law Division, Monmouth County against Dunkin' Donuts alleging breach of contract, fraud, breach of fiduciary duty, appropriation of business opportunity, and breach of the covenant of good faith and fair dealing.  Notice of Removal, Docket Entry No. 1.  On October 7, 2009, the matter was removed to this Court pursuant to 28 U.S.C. § 1332.  On October 22, 2009, Guirguis filed his Amended Complaint adding Shah, John Doe and XYZ Company as a defendants.  Docket Entry No. 5.  The Amended Complaint alleges that Shah, or John Doe, or XYZ Company conspired with Dunkin' Donuts to deprive Guirguis of his right to operate a Dunkin' Donuts franchise at 30 Main Street, Millstone, New Jersey.  *Id.*  Guirguis filed the instant motion to file a Second Amended Complaint and motion for remand on October 28, 2009.  Docket Entry No. 7.  Defendants filed their motion to dismiss on November 2, 2009

arguing that the complaint is time barred under the terms of the SDA, violates the SDA's arbitration clause, and fails to satisfy the requirements of Federal Rule of Civil Procedure 8.[2] Docket Entry No. 9.

II.     Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, *supra*, 550 U.S. at 555 (internal citations and footnote omitted).

---

[2] "[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 585 (1999); *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 100-101, n. 3 (1998)). Because Plaintiff's claims violate the arbitration clause in the SDA, and appear to be filed out of time, this Court will not address whether Plaintiff's claims, as pled, satisfy the requirements of Federal Rule of Civil Procedure 8(a) or Federal Rule of Civil Procedure 9(b).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombley*, *supra*, 550 U.S. at 570.) This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 2009 WL 2501662, *5 (3d Cir. August 18, 2009) (citations omitted).

III.  Discussion

    A.  The Limitations Period

The SDA[3] provides that the agreement "shall be interpreted, construed and governed by the laws of the Commonwealth of Massachusetts." Declar. of Laudermilk, Exhibit A. Under Massachusetts law, parties to a contract may shorten the applicable statutory limitations period provided the shortened period does not violate public policy. *See Hays v. Mobil Oil Corp.*, 930 F.2d 96, 100 (1st Cir. 1991); *Pizzeria Uno of Kingston, Inc. v. Independence Mall Group*, 1995 WL 419932, *8 (Mass Super Ct. 1995) ("[u]nder [] Massachusetts . . . law, parties may agree to contract provisions that shorten the period of limitations provided that it does not contravene public policy to do so.").

In this case, the parties have chosen to contractually limit the time in which a party may bring suit to two years. Specifically, the SDA provides:

---

[3] Although this matter is before the Court on a motion to dismiss, the Court may nonetheless consider the SDA when deciding the instant motion as Plaintiff's claims arise out of the parties agreement, which is governed by the SDA. *See In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1424-25 (3d Cir. 1997) ("[the District Court] was not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based.")

4

>ANY AND ALL CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT, THE RELATIONSHIP OF DEVELOPER AND [DUNKIN' DONUTS] OR DEVELOPER'S OPERATION OF THE UNIT, BROUGHT IN ANY FORUM BY ANY PARTY HERETO AGAINST THE OTHER, MUST BE COMMENCED WITHIN TWO (2) YEARS AFTER THE DISCOVERY OF THE FACTS GIVING RISE TO SUCH CLAIM OR ACTION, OR SUCH CLAIM OR ACTION SHALL BE BARRED, EXCEPT FOR FINANCIAL OBLIGATIONS OF DEVELOPER.

Declar. of Laudermilk, Exhibit A, section 18(F)(5).

The parties do not dispute that the SDA is valid and that the statutory limitations period is consequently shortened by its terms. However, they do dispute when Guirguis "discover[ed] the facts giving rise to [his] claim." Defendants assert that Guirguis discovered that Dunkin' Donuts allowed Shah to open a Dunkin' Donuts franchise at 30 Main Street, Millstone, New Jersey in August 2006. Def. Br. at 7. Guirguis contends that he did not discover that Shah was operating a Dunkin' Donuts in that location until "the end of 2008." Pl. Opp. Br. at 1. Defendants have provided a letter from Guirguis' former counsel to show that Guirguis' claims accrued more than two years prior to the filing of his complaint. Declar. of Laudermilk, Exhibit E. In his letter, counsel states that "Mr. Guirguis became aware of the contract breach in August, 2006 when he learned that Dunkin Donuts authorized another franchisee at the very same location for which Dunkin Donuts denied Mr. Guirguis an opportunity to open a Dunkin Donuts store in January 2005" *Id.* Although this matter is before the Court on a motion to dismiss and this Court has not converted the motion to one for summary judgment, it cannot ignore Guirguis' prior admission that he discovered the alleged breach nearly three years before filing this suit. If this Court were inclined to convert the instant motion to one for summary judgment, summary judgment would be granted to Defendants because the action is time barred pursuant to the terms of the SDA.

    B.    Arbitration Clause

5

The SDA contains an arbitration clause that requires, with certain limited exceptions, disputes be resolved via binding arbitration.[4] Section 18(A) provides:

> Except as otherwise specified in this Section 18, all controversies, claims or disputes between Developer and [Dunkin' Donuts] of whatever nature, whether arising out of or relating to the negotiation, performance or breach of this or any other agreement or otherwise, must be settled by arbitration administered by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules as herein modified. This provision encompasses all causes of action, whether nominally a "claim", "counterclaim" or "cross-claim", and whether arising under common law or any state or federal statute. . . . The parties' intention is that this provision be given the broadest possible interpretation by a court of law.

Declar. of Laudermilk, Exhibit A, section 18(A).

The SDA allows Guirguis to litigate "a cause of action otherwise eligible for arbitration" in "any court of competent jurisdiction" provided he "expressly waives the right to a trial by jury and any and all claim(s) for punitive, multiple and/or exemplary damages." *Id.* at section 18(E)(2). In the event a complaint containing a jury demand or punitive damages is lodged, the SDA provides that "the action shall [] be dismissed without prejudice, leaving the parties to their arbitration remedies, if then available pursuant to this Section 18". *Id.* Despite Guirguis' representation to the contrary, the proposed Second Amended Complaint contains both a jury demand and a demand for punitive damages. Pl. Opp. Br. at 2; Docket Entry No. 7-5. Guirguis' complaint is therefore dismissed without prejudice, leaving him free to pursue his arbitration remedies as provided in the SDA.

IV.   Conclusion

For the reasons above, Defendants' motion to dismiss is granted, Plaintiff's motion for leave to file a Second Amended Complaint and to remand is denied as moot, and the case is dismissed.   An appropriate Order accompanies this opinion.

---

[4] Plaintiff does not challenge the validity or enforceability of the arbitration clause contained in the SDA.

/s/ JOEL A. PISANO
United States District Judge

Dated: March 1, 2010